UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| AUGEAN RNG, LLC., | NO. 2:18-CV-0393-TOR |
|---|---|
| Plaintiff, | |
| v. | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |
| PRIME MIDSTREAM SERVICES, LLC, | |
| Defendant. | |

BEFORE THE COURT is Plaintiff's Motion for Summary Judgment. ECF No. 15. This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, Plaintiff's Motion for Summary Judgment (ECF No. 15) is **GRANTED**.

## FACTS

This case concerns Plaintiff Augean RNG entering into a Construction Services Agreement with Defendant Prime Midstream Services for the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 1

construction of a natural gas interconnection pipeline. Prime Midstream Services did not complete the project and Augean RNG had to hire another contractor to complete the project. The Court hereby incorporates Plaintiff's Statement of Material Facts not in Dispute, ECF No. 16, into this Order. Augean filed this lawsuit claiming four causes of action: (1) breach of contract; (2) contractual indemnity; (3) breach of express warranty; and (4) conversion. ECF No. 1. Plaintiff Augean has moved for summary judgment and is seeking $2,326,859.44 in damages. ECF No. 15.

Defendant Prime Midstream has not responded to Plaintiff's motion for summary judgment, timely or otherwise.

## DISCUSSION

### A. Summary Judgment Standard

The Court may grant summary judgment in favor of a moving party who demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the court must only consider admissible evidence. *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002). The party moving for summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to identify

specific facts showing there is a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id*. at 252.

For purposes of summary judgment, a fact is "material" if it might affect the outcome of the suit under the governing law. *Id.* at 248. Further, a dispute is "genuine" only where the evidence is such that a reasonable jury could find in favor of the non-moving party. *Id.* The Court views the facts, and all rational inferences therefrom, in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). Summary judgment will thus be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

### B. Contractual Claims

Plaintiff appears to move for summary judgment on its contractual claims. A breach of contract is actionable only if the contract imposes a duty, the duty is breached, and the breach proximately causes damage to the claimant. Based on the undisputed evidence Defendant materially breached its contractual obligation by failing to properly perform the work required by the contract. Defendant has failed to respond at all. Plaintiff is entitled to judgment in its favor. Prime Midstream

has not defended this case, and thus, Augean RNG is entitled to judgment as a matter of law.

C.  **Conversion Claim**

Plaintiff has not set forth any facts nor argument to support its conversion claim.  Accordingly, this claim remains pending.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 15, is **GRANTED**.

2. Plaintiff is entitled to a monetary judgment in the amount of $2,326,859.44 against Defendant Prime Midstream.

3. The fourth claim, conversion, remains pending.  The Parties shall **promptly notify the Court** whether this matter needs to proceed to a Bench Trial as scheduled on November 13, 2023 or whether final judgment may be entered.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED October 20, 2023.



THOMAS O. RICE
United States District Judge